IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SAMANTHA GERSON,<br><br>                        Plaintiff,<br><br>v.<br><br>LOGAN RIVER ACADEMY dba MAPLE RISE ACADEMY; and DOES 1 through 11,<br><br>                        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:20-cv-00010-DB<br><br>District Judge Dee Benson |

Before the court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 27.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.

## FACTUAL AND PROCEDURAL BACKGROUND

This case presents a choice-of-law issue arising in a lawsuit to recover damages for alleged child sexual abuse. Plaintiff Samantha Gerson is a twenty-six-year-old California resident. (Dkt. No. 1, ¶ 1.) Ms. Gerson claims that in October of 2008 she was taken against her will to Logan River Academy ("Logan River" or "Defendant"), a residential treatment center located in the State of Utah. (*Id.* ¶ 7.) From approximately 2008 to 2009, Ms. Gerson alleges that she was "repeatedly sexually abused" by Logan River employee, Megan Snow, while Ms. Gerson was residing at Logan River. (*Id.* ¶ 2.10.) Ms. Gerson was a minor between the ages of fourteen and fifteen years old at the time that the alleged sexual abuse occurred. (*Id.* ¶ 1.)

Ms. Gerson initially filed her Complaint against Logan River on June 9, 2019 in the United States District Court for the Central District of California. She claims that Logan River either knew or should have known of the sexual abuse. Based on this argument, she alleges the following eight causes of action: (1) Childhood Sexual Abuse; (2) Negligence; (3) Negligent Supervision; (4) Negligent Hiring/Retention; (5) Negligent Failure to Warn, Train, or Educate Plaintiff; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress; and (8) Punitive Damages. (Dkt. No. 1.) In response to the Complaint, Defendant filed a motion to dismiss or transfer the action. (Dkt. No. 11.) After review of Defendant's motion, the Federal District Judge in California found that the action should be transferred to the United States District Court for the District of Utah. (*See* Dkt. No. 18.)

Defendant Logan River is now asking this court to dismiss Ms. Gerson's Complaint on the ground that Ms. Gerson's claims are time-barred under Utah law. The court grants Defendant's motion based on the following.

## **MOTION TO DISMISS STANDARD**

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

## **DISCUSSION**

Federal courts exercising diversity jurisdiction must apply the same statute of limitations as would be applied in the relevant state court. *See Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945). Ms. Gerson commenced her action against Logan River when she was twenty-five years old. (Dkt. No. 1, ¶ 1.) Under Utah law, a victim may file a civil action against a non-perpetrator for intentional or negligent sexual abuse suffered as a child either within four years after the victim's eighteenth birthday, or within four years after discovery of the sexual abuse. *See* Utah Code Ann. § 78B-2-308(3)(b). California law, on the other hand, permits a more generous time period for negligent or intentional sexual abuse actions to be brought against an entity. *See* Cal. Civ. Proc. Code § 340.1. Under the facts of this case as pleaded, Ms. Gerson's Complaint would be time-barred if Utah's statute of limitations was applied, but would be timely under California law. Accordingly, a true conflict between California and Utah law exists.

Because this action was transferred from the Central District of California under 28 U.S.C. § 1404, the court will apply California's choice-of-law rules to determine which statute of limitations applies to this case. *See Ferens v. John Deere Co.,* 494 U.S. 516, 519 (1990) ("[F]ollowing a transfer under § 1404(a) . . . the transferee court must follow the choice-of-law rules that prevailed in the transferor court."). California courts apply the governmental interest analysis approach to resolve choice of law problems. *See Ashland Chem. Co. v. Provence,* 129 Cal. App. 3d 790, 793 (Ct. App. 1982). Under this approach, if a conflict exists between two forums' laws, the court examines the policies underlying the competing laws to determine which states are "interested" in having their laws applied to the particular case. *See id.* at 793–94. If both forums are interested, the court selects the law of the state whose interests would be "more impaired" if its law were not applied. *Washington Mut. Bank, FA v. Superior Court*, 15 P.3d

1071, 1081 (Cal. 2001). In making this determination, the court should consider, among other things, "the function and purpose of [the states'] laws." *Offshore Rental Co. v. Cont'l Oil Co.,* 583 P.2d 721, 727 (Cal. 1978).

In the instant case, both California and Utah have an interest in their respective laws being applied. California has an interest in the enforcement of its statute of limitations relating to the alleged sexual abuse of one of its residents. The State of Utah also has an interest in having its laws applied because the alleged abuse occurred in Utah, and because the defendant is a Utah entity. Utah's interest in this case was made clear by the California judge who, upon transferring this case, held that: "Certainly, the state of Utah has a greater interest than California in the operation of [Logan River's] academy and whether [Logan River's] employees are perpetrating sexual child abuse in the state of Utah." (Dkt. No. 18.)

Because both forums have strong interests in the application of their own laws, the court must determine which state's interests would suffer greater impairment if its law were not applied. Considering the relevant facts of this case as pleaded, as well as the function and purpose of the conflicting laws, the court finds that a failure to apply Utah law to Ms. Gerson's claims would more significantly impair Utah's interests. The State of Utah has set forth a definitive time limitation on sexual child abuse claims against non-perpetrators like Logan River. "[I]n cases in which a California resident is injured by a defendant's conduct occurring in another state, past California choice-of-law decisions generally hold that when the law of the other state limits or denies liability for the conduct engaged in by the defendant in its territory, that state's interest is predominant." *See McCann v. Foster Wheeler LLC,* 225 P.3d 516, 536 (Cal. 2010). The sexual abuse allegedly suffered by Ms. Gerson occurred solely in Utah, and Utah's statute of limitations specifically limits Logan River's liability for Ms. Gerson's claims.

Accordingly, "California's legitimate interest in providing a remedy for, or in facilitating recovery by, a current California resident properly must be subordinated because of [California's] diminished authority over activity that occurs in another state." *Id.* For these reasons, Utah Code section 78B-2-308 should be applied, and Ms. Gerson's Complaint is time-barred.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 27) is hereby GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice.

DATED this 18th day of June, 2020.

BY THE COURT:

Dee Benson
United States District Judge